# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 14-33677 |
| | ) | |
| William M. Apostelos, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Walter |
| | ) | |
| | ) | |
| Daniel M. McDermott, | ) | Adv. Pro. No. 16-3005 |
| United States Trustee | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| William M. Apostelos, | ) | |
| | ) | |
| Defendant. | ) | |

___

## PRELIMINARY PRETRIAL STATEMENT
___

This is the Pretrial Statement of: The United States Trustee (UST), Daniel M. McDermott.

**I. Appearances:**

The Trial Attorney for: The United States Trustee shall be Jeremy Shane Flannery, Esq., who is admitted to practice before this Court. Mr. Flannery's contact information is as follows:

>170 N. High Street, Suite 200
>Columbus, OH 43215
>Telephone: (614) 469-7411 ext. 224
>Facsimile: (614) 469-7448
>Email: Jeremy.S.Flannery@usdoj.gov

**II. Nature of Action, Jurisdiction and Venue:**

    A. This is an adversary proceeding in which the UST is seeking a denial of the Defendant's discharge under 11 U.S.C. § 727(a)(5), (a)(3), (a)(4)(D) and (a)(6)(A). The basis of the Complaint is as follows: (1) the Defendant has refused to file his (i) mailing matrix, (ii) schedules, and (iii) statement of financial affairs as required under the Court's Order for Relief [Docket No. 14]; and/or (2) the Defendant has refused to comply with the Court's Rule 2004 Examination Order [Docket No. 24]; and/or (3) the Defendant has refused to comply with the Court's Turnover Order requiring him to provide all (i) bank and financial accounts, (ii) personal property, and (iii) records, computer or electronic data and other documents in the Defendant's custody, possession, or control to the Trustee [Docket No. 34]; and/or (4) the Defendant, under oath at the beginning of the required 341 Meeting, invoked his Fifth Amendment rights and refused to answer any questions from the Trustee or any of the Defendant's creditors on the basis that his answers could incriminate him in a pending criminal investigation.

    B. Jurisdiction of this Court is not disputed and is invoked under 28 U.S.C. § 1334.

    C. Venue of this Court is proper.

    D. This action is a core proceeding.

    E. ~~If a non-core proceeding is alleged, consent is/is not given for the bankruptcy judge to enter final orders and judgments~~.

    F. If this is a core proceeding, such allegation is based upon 28 U.S.C. § 157(b)(2)(J).

G. Are any of the following motions filed or to be filed:

|  | Yes | No |
|---|---|---|
| 1. Abstention |  | X |
| 2. Remand |  | X |
| 3. Withdrawal of the Reference |  | X |

H. ~~If a jury demand has been timely filed, consent is/is not given for trial by jury by the bankruptcy judge~~.

### III. Statement of the Case:

The evidence will show that the United States Trustee is independently entitled to judgment and that the Defendant's discharge should be denied under any or all of the following because:

1) Defendant has failed to satisfactorily explain to the Trustee any loss of assets or deficiency of assets to meet Defendant's liabilities, including the failure to answer the Trustee's questions at the 341 Meeting, which constitutes cause for denying the Defendant's discharge, pursuant to 11 U.S.C. § 727(a)(5).

2) Defendant has failed to provide various "Recorded Information" requested by the Trustee under the Turnover Order, which constitutes cause for denying the Defendant a discharge under 11 U.S.C. § 727(a)(3).

3) The Chapter 7 Trustee is an appointed officer of the estate entitled to obtain possession under this title, any recorded information, including books, documents, records, and papers, relating to the Defendant's property or financial affairs. Defendant's failure to file his schedules and SOFA, as required under the Order of Relief, as well as his failure to provide the Recorded Information requested by the Trustee under the Turnover Order, constitutes cause for denying the Defendant a discharge under 11 U.S.C. § 727(a)(4)(D).

4) The Defendant's refusal to comply with multiple Orders entered by the Court through refusal (a) to turn over the Recorded Information requested by the Trustee in the Turnover Order, (b) to appear at a 2004 Examination as required under the 2004 Order, and (c) to file his schedules and Statement of Financial

Affairs as required under the Order for Relief, each or all of which constitute cause for denying the Defendant a discharge under 11 U.S.C. § 727(a)(6)(A).

**IV. Amendments/Motions:** (check one)

__√__ (a) The attorney states that all amendments to pleadings and all pretrial motions, including all motions listed above, and all motions pursuant to Bankruptcy Rule 7012 and Bankruptcy Rule 7056, or motions which convert to a motion under Bankruptcy Rule 7056, have been filed, or

____ (b) If all amendments and pretrial motions have not been filed, the attorney states that the following amendments and motions are contemplated; (list or attach as an exhibit the specific amendments and motions and the proposed date(s) by which such will be filed.)

**V. Issues of Fact and Law:**

A. The contested issues of fact are: The United States Trustee and other interested parties are unable to determine what contested issues of fact might exist as Defendant has failed to provide information upon request, has failed to answer questions at his Meeting of Creditors, has failed to file complete and accurate Statements and Schedules, and has failed appear at a Rule 2004 Examination.

B. The contested issues of law are: Whether or not a Debtor is entitled to a discharge when he invokes his Fifth Amendment right against self-incrimination and refuses to answer questions at the Meeting of Creditors, Rule 2004 Examinations, Depositions, etc.

**VI. Discovery:**

**A. Initial Disclosures.**

The initial disclosures required by Rule 26(a)(1) Fed. R. Civ. P. have yet to be made except as are set forth herein. The UST has attempted to reach the Defendant via U.S. Mail and email at "Aposteloswlegal@outlook.com" since the UST has no phone number for him. To date the UST is still awaiting a response and will work with the Defendant once contact is made. Additionally, since attempts to reach the Defendant directly have been unsuccessful, the UST has contacted Defendant's criminal counsel, Attorney Dwight Brannon of Dayton, Ohio, on March 25, 2016, and left him a voicemail. Mr. Brannon appeared with the Defendant at the Meeting of Creditors but has never entered an appearance on the Court's docket in the underlying bankruptcy case (Case No.

14-33677) or in the pending adversary, but the UST hopes he may be able to reach the Defendant to coordinate our required disclosures and pretrial conference going forward, or in the event he will be representing Defendant in this adversary proceeding.  The UST is awaiting a response from Mr. Brannon and will continue efforts to reach the Defendant via email and U.S. Mail.

### B. Rule 26(f) Fed.R.Civ.P. Conference.

The mandatory conference required by Rule 26(f) Fed.R.Civ.P. has not occurred due to the reasons set forth above.  The UST is ready and willing to conduct the required conference should the Defendant or counsel for the Defendant make contact with the UST.  Herein are the UST's proposed timelines for conducting discovery and for prosecution of the UST's Complaint.

### C. Discovery Plan.

In compliance with Rule 26(f) Fed.R.Civ.P., the following constitutes the U.S. Trustee's proposed discovery plan as the parties have not agreed on one:

(a)  The U.S. Trustee believes discovery will be needed on the following subjects:  Defendant's employment status and history, income and expenses, assets and liabilities, creditors, and more.

(b)  The U.S. Trustee recommends all discovery be commenced in time to be completed by August 31, 2016.

(c)  The U.S. Trustee requests a maximum of twenty (20) interrogatories and twenty (20) requests for production of documents by each party to any other party.  Responses due 45 days after service.

(d)  The U.S. Trustee requests a maximum of twenty (20) requests for admission by each party to any other party.  Responses due 45 days after service.

(e)  The U.S. Trustee requests a maximum of five (5) depositions by Plaintiff and five (5) by Defendant.

(f)  The U.S. Trustee recommends each deposition [other than those of the Defendant] be limited to a maximum of four (4) hours unless extended by agreement of parties.

(g)  The U.S. Trustee recommends that reports from retained experts under Rule 26(a)(2), if any, be due:

   from U.S. Trustee by August 31, 2016.

   from Defendant by August 31, 2016.

(h)  The U.S. Trustee recommends supplementations under Rule 26(e), if any, be due August 31, 2016, or as otherwise agreed to by the parties.

**D.  Other Agreed Upon Items.**  No other items have been agreed to by the parties.

(a)  The U.S. Trustee recommends that no additional parties be joined to the pending action at this time, however, this could change and include the Chapter 7 Trustee or other parties in interest.

(b)  The U.S. Trustee recommends that all potentially dispositive motions should be filed by October 12, 2016.

(c)  The U.S. Trustee is amenable to mediation under LBR 9019–2 at the appropriate time.

(d)  The U.S. Trustee believes the proceeding should be ready for trial by October 31, 2016, and at this time is expected to take approximately four (4) hours.

**VII. Stipulations:**

The parties have not entered into any written stipulations at this time, however, should they later do so a copy will be filed with the Court.

**VIII. Miscellaneous Matters:**

**A.  Settlement:**

1. No litigant is required to settle this proceeding; however, all litigants are required to engage in good faith settlement efforts which shall consist of at least one offer and one counteroffer by a party authorized to settle this proceeding. Without disclosing the contents of any settlement efforts, all parties shall set forth below: (a) the date(s) such

settlement efforts were conducted, (b) the method(s) of communication employed and (c) the result(s) obtained: No settlement discussions have occurred as yet, however, the U.S. Trustee is amenable to engaging with the Defendant should he wish to do so.

  2. Any settlement which occurs prior to the trial date shall be communicated promptly to the judge's courtroom deputy.

### B. Pretrial Conference:

The Court may order a pretrial conference if review of the Preliminary Pretrial Statements make such appear necessary. If the Court does not order such a pretrial conference, does the attorney specifically request a pretrial conference? If so, why? The UST believes a Pretrial Conference in this matter would be beneficial as indicated herein and in the "Other Matters" below.

### C. Other Matters:

Counsel advises the Court of the following miscellaneous matters which will aid the Court in preparation of the case for trial. To the best of the UST's information and belief, the Defendant is acting *pro se* (although he is believed to have criminal counsel assisting him on other matters, and who appeared with him at the Meeting of Creditors).

Dated: March 25, 2016    Respectfully submitted,

             DANIEL M. MCDERMOTT
             UNITED STATES TRUSTEE FOR REGION 9

             /s/ Jeremy Shane Flannery
             Jeremy Shane Flannery (NC Bar #27826)
             Attorney for the U.S. Trustee
             170 North High Street, Suite 200
             Columbus, OH 43215
             Telephone: (614) 469-7411 ext. 224
             Facsimile: (614) 469-7448
             Email: Jeremy.S.Flannery@usdoj.gov

# CERTIFICATE OF SERVICE

   I hereby certify that on or about March 25, 2016, a copy of the foregoing PRELIMINARY PRETRIAL STATEMENT of the United States Trustee was served on the following registered ECF participants, electronically through the Court's ECF System at the email address registered with the Court:

Ronna Govan Jackson, Ronna.G.Jackson@usdoj.gov

Jeremy Shane Flannery, Jeremy.S.Flannery@usdoj.gov

and on the following by ordinary U.S. Mail addressed to:

William M. Apostelos
35 Commercial Way
Springboro, OH  45066

                /s/ Jeremy Shane Flannery
                Jeremy Shane Flannery